WILLIAM H. STILES et al., Respondent, *v.* ISAIAS MEYER, impleaded, &c., Appellants.

(GENERAL TERM, FIRST DEPARTMENT, JUNE 1872).

Upon the representation of one of the partners that M. was to be taken into the firm of J. L. B. & Co. at a certain day, in which representations M. joined, the plaintiffs sold and delivered goods for the new firm, to be paid for after the day named; the new firm was not formed, and notice of this fact was not given to the plaintiffs, who, after the day, took the note of J. L. B. & Co. for the goods. *Held*, that M. was jointly liable with the partners for the goods.

In an action to recover against M., the plaintiffs might prove what the statement was, on the faith of which the goods were sold.

THIS was an appeal by the defendant from a judgment for the plaintiff, entered on the report of a referee.

The plaintiffs sued upon a promissory note made to them in the firm name of Jacob L. Bach & Co., and their complaint also contained a count in assumpsit against the defendants as joint purchasers of goods. The defendant, Bach, made default but Meyer answered.

The referee found that on and prior to the 18th of February, 1866, and from thence until after the second of April following, the defendants, other than said Meyer, were in partnership under the name of "Jacob L. Bach & Co.," and prior to said eighteenth of February had dealt largely with the plaintiffs in purchasing goods from them. On the eighteenth day of February Meyer and J. L. Bach called together at the store of the plaintiffs and there stated in substance to the plaintiffs that Meyer was to be a member of the firm of Jacob L. Bach & Co. on the first of April then following and afterwards, and that Meyer was to put

Stiles *v.* Meyer.

in the new firm $50,000, and that they then wished to buy goods of the plaintiffs for the new firm. They then jointly purchased of the plaintiffs goods to the amount of $1,827.49 for the contemplated new firm, payable four months from April 2d, 1866, which goods, before that date, the plaintiffs, in consequence of their reliance on these statements, delivered to Jacob L. Bach, as one of the members of said contemplated firm, and shortly after that day received the note set forth in the complaint in this action as the note of the new firm.

The plaintiffs never received any notice that the proposed partnership had not and would not be carried out until after their delivery of the goods and after their receipt of the note.

In the summer following, and before the maturity of said note, the old firm of Jacob L. Bach & Co. failed.

Meyer and J. L. Bach & Co. in fact intended to enter into such partnership, and Meyer to put in as capital $50,000 when such representations were made, and until after 2d of April, 1866. But shortly after that day this intention was abandoned on account of the inability of Jacob L. Bach to put in as much capital as he had promised, and his wishing to put in old stock at cost, and the partnership was never in fact made or formed. The referee gave judgment for the plaintiff.

*E. A. Doolittle & Wm. Fullerton,* for the appellant.

*Amos G. Hull,* for the respondents.

Present—BARNARD, P. J., GILBERT and TAPPEN, JJ.

By the Court—GILBERT, J. The referee has found as matter of fact, upon evidence which is conflicting, that the note in suit was taken by the plaintiffs as the note of the firm of J. L. Bach & Co., of which they supposed the defendant, Meyer, was a member; that the consideration of the note was

goods sold to such firm; that on the occasion when the goods were sold Meyer and Bach stated that Meyer was to be a member of said firm in about six weeks; that they then wished to buy goods of the plaintiffs for said new firm; that they jointly purchased the goods for which the note in suit was given for said contemplated new firm; that said partnership was not in fact formed, but that no notice of that fact was given the plaintiffs until after the delivery of the goods and the receipt of the note. It would be a violation of a settled rule to disturb the finding of a referee upon a question of fact when there is so much evidence to support it as in this case. It must, therefore, be held conclusive.

The question is, whether the facts found establish a legal liability against Meyer. We think they do, for the reason that the defendant was a party to the contract of purchase of the goods. The credit was given to the individuals who were to become members of the proposed partnership, and this was done with the express assent of the defendant. Although, therefore, the agreement was that the partnership should not commence until some time after the purchase, and the agreement was never carried out, yet the purchase was itself a *quasi* partnership transaction; and having been expressly sanctioned by Meyer, he is estopped from disputing his liability. (*Dickinson* v. *Valpy*, 10 B. & C., 128; *Battle* v. *Lewis*, 1 Mann. & Gr., 155; *Lake* v. *Duke of Argyle*, 6 Q. B., 477; *Fox* v. *Clifton*, 6 Bing., 776; *Burns* v. *Rowland*, 40 Barb., 368.)

It was certainly competent to prove what the statement was, on the faith of which the goods were sold. The exception to this evidence is not good. We are unable to perceive any materiality in the evidence respecting what had been done by the plaintiffs in limiting their terms of credit. But if the evidence was erroneously admitted, it would have no effect upon the judgment. The error, therefore, was a harmless one. (*People* v. *Gonzalez*, 35 N. Y., 59.)

The judgment should be affirmed, with costs.

Judgment affirmed.